VERNON A. NELSON, JR., ESQ.
Nevada Bar No.:  6434
MELISSA INGLEBY, ESQ.
Nevada Bar. No.: 12935
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 252
Las Vegas, NV  89123
Tel.:  702-476-2500
Fax.:  702-476-2788
E-mail: vnelson@nelsonlawfirmlv.com
          mingleby@nelsonlawfirmlv.com
*Attorney for Plaintiff Tana Magel fka Tana Barre*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TANA MAGEL, formerly known as TANA BARRE,<br><br>                              Plaintiff,<br><br>v.<br><br>RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation; R.C. WILLEY aka RC WILLEY FINANCIAL SERVICES, and DONNA ARMENTA d/b/a Donna Armenta Law,<br><br>                              Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT 15 § 1692, ET. SEQ. AND RELATED STATE LAWS AND JURY DEMAND** |

Plaintiff, TANA MAGEL, formerly known as TARA BARRE ("Plaintiff" or "Magel"), by and through her attorney of record, the Law Office of Vernon Nelson, and for her claims for relief against Defendants, RICHLAND HOLDINGS, INC. d/b/a RICHLAND OF SOUTHERN NEVADA, a Nevada Corporation; R.C. WILLEY aka RC WILLEY FINANCIAL SERVICES, and DONNA ARMENTA d/b/a Donna Armenta Law. (hereinafter collectively referred to as "Defendants"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and related State Law Claims.

THE LAW OFFICE OF VERNON NELSON
ATTORNEY AT LAW

2.      This court has jurisdiction over this matter pursuant to 15 U.S.C. § l692k and 28 U.S.C. § 1331. This court has jurisdiction over Defendants also pursuant to 28 U.S.C. § 1367 in that the exercise of supplemental jurisdiction over all claims because each claim is so related to the other claims in the action, within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Pursuant to 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada; and the acts of the Parties occurred in the District of Nevada.

**PARTIES**

4.      Plaintiff is an adult individual who resides in the State of Nevada and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Defendant RICHLAND HOLDINGS, INC. d/b/a RICHLAND OF SOUTHERN NEVADA ("Richland") is a domestic corporation doing business in the State of Nevada and is a debt collector as that term is defined by 15 U.S.C. § 1692a (6).

6.      Defendant R.C. WILLEY FINANCIAL SERVICES ("RCW") is a provider of credit, for purposes of purchasing goods, and is headquartered in Salt Lake City, Utah. R.C. WILLEY is an assignor of debts who regularly and in the ordinary course of business assigns, transfers and authorizes collection agencies and/or debt collectors to perform all acts necessary for collection, settlement, adjustment, compromise or satisfaction of RCW's debt claims that are in default. RCW is subject to Nevada's Deceptive Practices Act, Nevada's civil conspiracy laws and as having allegedly formed an agreement with the other defendants, which is alleged to violate the FDCPA, is a proper party in the same controversy as all the other claims against the other defendants.

7.      Defendant DONNA ARMENTA d/b/a Donna Armenta Law ("Armenta") is an attorney licensed to practice/doing business in the State of Nevada and is a debt collector as that term is defined by 15 U.S.C. § l692a (6).

**FACTUAL ALLEGATIONS**

8.      Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

9.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA") and related State Law Claims. Plaintiff alleges the Defendants engaged in unlawful conduct that gives rise to Plaintiff's Complaint. Plaintiff is seeking to recover damages caused by the Defendants' unlawful conduct. Plaintiff contends: she did not know Defendants committed the multiple violations described below until she retained a credit repair agency in July 2017.  However, Plaintiff is not seeking to set aside the underlying state court judgment or to direct any order to the state court.

10.     On or about March 28, 2017, Richland filed a lawsuit against Plaintiff in Justice Court of Las Vegas Township, Case No. 17C006175 (the "Collection Lawsuit").  The Collection Lawsuit alleges Plaintiff entered into a contract with RCW for services in or around October 28, 2006 (the "Contract").

11.     Upon information and belief, the Contract was governed by Utah law.

12.     The Collection Lawsuit further alleges Plaintiff failed to pay the amount owed to RCW under the Contract (the "Debt").  The alleged Debt is the sum of $1,126.75, including a contractual collection fee of $563.38 for a total of $1,690.13, plus interest accruing at a contractual rate of 24% from the date of assignment until paid.

*13.*     Upon information and belief, the identified collection fee is equal to 50% of the principal balance assigned to Richland.  Utah Code §12-1-10(3)(b) states the collection fee may not exceed 40% of the principal balance of the Debt. Thus, the 50% collection fee is illegal under Utah law, which governs the Contract.

14.     The Collection Lawsuit further alleges RCW assigned the account to Richland on February 17, 2017.

15.     Richland retained Armenta to file the Collection Lawsuit on its behalf.

16.     On or about April 24, 2017, Defendants obtained and filed a Confession of Judgement ("COJ") against Plaintiff.

17.     The COJ reflects a principal sum of $1,690.13, plus interest accruing at a contractual rate of 24%, plus attorney's fees in the amount of $300.00, and court fees and costs in the amount of $161.50 for a total of $2,224.98.  Under Utah Consumer Credit Code 70C-2-201, "Authorization

to confess judgment prohibited. A creditor or its successor in interest may not, directly or indirectly, take or receive from a debtor an obligation that constitutes or contains a . . . confession of judgment . . . or other waiver of the right to notice and the opportunity to be heard in the event of suit or process thereon." Thus, the COJ is illegal under Utah law, which governs the contract (the "COJ Violation").

18. On June 27, 2017, Defendants filed the Notice of Entry of Judgment ("NOJ") against Plaintiff.

19. On or about July 19, 2017, Defendants obtained a Writ of Execution ("Writ #1") and served it upon Plaintiff's employer, Gold Medal Service to enforce the judgment.

20. On or about November 30, 2017, Defendants obtained a second Writ of Execution ("Writ #2") and served it upon Plaintiff's employer, Gold Medal Service to enforce the judgment.

21. On or about February 16, 2017, Defendants filed a Satisfaction of Judgment.

22. On or about February 27, 2017, the Clerk of the Court filed the returned Writ of Execution which reflected a total levy in the amount of $2,835.98.

23. Plaintiff alleges Richland and Armenta committed multiple violations of the FDCPA. Plaintiff further alleges causes of action for abuse of process, violation of NRS Chapter 598 Deceptive Trade Practices, and Civil Conspiracy.

24. Upon information and belief, the Contract is governed by Utah law, which limits contractual collection fees to 40% of the principal amount owed to the creditor. Plaintiff further alleges that Defendants Armenta and Richland violated the FDCPA by charging unlawful collection charges because the collection fee was equal to 50% of the principal balance of the Debt (the "Collection Fee Violation").

25. Plaintiff alleges that §1692(g) of the FDCPA requires that debt collectors provide debtors with written notice of the Debt; and notice of the Debtor's right to verify the Debt (the "Validation Notice"). Plaintiff, upon information and belief, alleges that Armenta and Richland unlawfully failed to provide the Validation Notice; and that these Defendants failed to notify Plaintiff that the alleged amount owed included a collection fee equal to 50% of the principal balance of the Debt. (the "§1692(g) Violations").

26.     Plaintiff also alleges Defendants unlawfully charged Plaintiff 24% interest on the total amount allegedly due including the unlawful contractual collection fee (the "Interest Fee Violation").

27.     Plaintiff also alleges these Defendants' actions give rise to claims for Abuse of Process.

28.     Further, Plaintiff alleges RCW violated NRS Chapter 598 Deceptive Trade Practices, and all Defendants formed an illicit agreement which is the basis for a Civil Conspiracy.

29.     Plaintiff alleges Defendants Richland and Armenta's collective violations of the FDCPA and their other wrongful acts have caused Plaintiff to suffer substantial economic damages, severe emotional damages, and damages to her credit history and reputation. Plaintiff has also incurred substantial attorney's fees in the bringing this action. Finally, in her prayer for relief, Plaintiff prays for damages caused by all Defendants' conduct. Plaintiff is not requesting any relief from the state court judgment.

30.     The FDCPA prohibits abusive debt collection practices by debt collectors. In this regard, the FDCPA sets certain standards for debt collectors and their communications with debtors. These standards include: (1) the requirement that debt collectors advise debtors of their rights to dispute the debt and demand verification; (2) a ban on the use of false and misleading statements in attempting to collect the debt; and (3) a prohibition against collecting debts via "unfair or unconscionable means," such as charging debtors for unauthorized fees beyond the amount in arrears.

31.     Defendants Richland and Armenta committed several violations of the FDCPA. Defendants used "unfair and unconscionable means" to collect the debt by committing The Collection Fee Violations. Defendants also obtained a COJ against Plaintiff in violation of Utah Consumer Code. Also, Defendants Richland and Bowen violated the FDCPA by committing the § 1692(g) Violations and The Interest Fees Violations.

32.     Defendants' violations of the FDCPA have caused the Plaintiff to suffer substantial damages. In this regard, the Plaintiff has suffered: (1) substantial economic damages; (2) severe emotional damages, and (3) damages to his credit history and reputation.

33.     In addition, the Plaintiff has incurred substantial attorney's fees.

34.     The actions of Defendants were committed by other persons or entities employed by the Defendants. The actions of the Defendants were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by any of the Defendants.

35.     The actions of the Defendants were committed in their capacity as agents of their principal. The actions of the Defendants were committed within the scope and authority granted by of their principal and were motivated to benefit their principal

36.     Defendants are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the unlawful actions of their employees, including but not limited to violations of the FDCPA and the laws of the State of Nevada.

## FIRST CLAIM FOR RELIEF

**[Violations of the FDCPA, 15 U.S.C. § 1692, et. seq. against Defendants Richland and Armenta]**

37.     Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

38.     Defendants Richland and Armenta are "debt collectors" under the FDCPA.

39.     Within the past year, Defendants Richland and Armenta committed several violations of the FDCPA.

40.     Defendants Richland and Armenta obtained a COJ in violation of the Utah Consumer Code and §1692e(10).

41.     Defendants Richland and Armenta also used "unfair and unconscionable means" to collect the debt by committing The Collection Fee Violations. Also, Defendants Richland and Armenta violated the FDCPA by committing the §1692(g) Violations and The Interest Fees Violations.

42.     In committing the COJ violation, §1692(g) Violations and The Interest Fees Violations, Defendants Richland and Armenta committed numerous violations of the FDCPA; including but not limited to:

          A.     by "mischaracterizing the character, amount, and legal status of the
          Debt."

B.  by employing various false representations and deceptive means to collect the alleged Debt.

C.  by taking illegal action to collect The Debt.

D.  by attempting to collect more than was due on The Debt.

E.  by continuing to garnish Plaintiff's assets using illegal actions

43.  The COJ Violation, Collection Fee Violation, §1692(g) Violations and Interest Fees Violations and other numerous violations of the FDCPA constitute numerous, repeated, knowing, intentional, reckless and/or negligent violations of the FDCPA. As a result of such violations, the Plaintiff is entitled to statutory damages, plus actual damages to be proven at the time of trial in this matter.

44.  As a result of Defendants Richland and Armenta's unlawful conduct, Plaintiff has suffered economic and emotional distress damages.

45.  Plaintiff has been forced to retain counsel to pursue this matter and is entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

**SECOND CLAIM FOR RELIEF**

**[Abuse of Process against Defendants Richland and Armenta]**

46.  Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

47.  Defendants Richland and Armenta commenced and/or prosecuted legal proceedings against Plaintiff for the ulterior purpose of collecting unlawful rates of interest and unlawful fees in violation of the FDCPA.

48.  By attempting the collect the unlawful rates of interest and by prosecuting an action based on unlawful collection practices committed by the Defendants Richland and Armenta, the Defendants Richland and Armenta conducted a willful act in the use of the legal process that was not proper in the regular conduct of the proceeding.

49.  Plaintiff has suffered damages as a consequence of Defendants Richland and Armenta's abuse of the legal process in an amount to be determined by a jury at trial.

**THIRD CLAIM FOR RELIEF**

**[Violation of NRS Chapter 598 Deceptive Trade Practices Against Defendant RCW]**

50.     Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

51.     Plaintiff is "consumer" pursuant to the NRS Chapter 598 Deceptive Trade Practices.

52.     In assigning the debt to Richland, and allowing Defendants Richland and Armenta to obtain a COJ against Plaintiff in violation of Utah Consumer Code, RCW engaged in unfair or deceptive acts or practices in the conduct of its commerce or trade through its unfair and deceptive debt collection and litigation activities in violation of NRS Chapter 598. RCW's violations of NRS Chapter 598 include, but are not limited to, NRS 598.0923(3): Violates a state or federal statute or regulation relating to the sale or lease of goods or services.

53.     Plaintiff has suffered and continue to suffer damages as a result of RCW's unfair and deceptive acts and conduct.

54.     Plaintiff is entitled to recover all compensatory and actual damages (including, but not limited to emotional distress and punitive damages), as well as treble damages, costs and attorney's fees as provided by NRS Chapter 598.

**FOURTH CLAIM FOR RELIEF**

**[Civil Conspiracy Against All Defendants]**

55.     Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

56.     The Defendants undertook a concerted action with the intent to commit the COJ Violation, Collection Fee Violations, The § 1692(g) Violations and The Interest Fees Violations.

57.     The Defendants involved in this cause of action number two or more entities.

58.     The Defendants agreed to make false statements to Plaintiff and the state court regarding the collection practices, the excessive collection fees and the excessive interest in violation of Nevada law.

59.     The Defendants further agreed to obtain a COJ against Plaintiff in violation of Utah Consumer Code 70C-2-201.

60.     The Defendants also agreed to collect fees and interest in excess of the legal limits

1   imposed in Utah law 12-1-11 and Nevada law in violation of those states' laws.

2        61.    The Defendants' actions constituted crimes, specifically NRS sections 598.0915,

3   598.0923 and others to be proven at trial.

4        62.    Defendants' objective in this conspiracy was to prevent disclosure to the state court,

5   to Plaintiff and to other entities in order to receive far greater economic advantage from the

6   transaction.

7        63.    Defendants and each of them by acting in concert with each other, in their specific

8   groupings, intended to accomplish an unlawful objective for the purpose of harming Plaintiff.

9        64.    By doing the acts complained of herein, Defendants and each of them, acted with

10  oppression, fraud or malice towards Plaintiff.  Defendants and each of them, by the acts alleged

11  herein, intended to cause injury to Plaintiff and engaged in despicable conduct with a willful and

12  conscious disregard of the rights of Plaintiff.  The above described conduct subjected Plaintiff to

13  cruel and unjust hardship in conscious disregard of Plaintiff's rights.  Because of the despicable and

14  egregious conduct of Defendants, as herein alleged, Plaintiff is entitled to and does hereby demand

15  punitive or exemplary damages in a sum to be proved at trial sufficient to punish and deter

16  Defendants and each of them, from so acting in the future.

17       65.    Plaintiff sustained damages as a result of these unlawful acts in an unknown amount,

18  greater than $75,000.00.

19       66.    That it has become necessary for Plaintiff to retain the Law Offices of Vernon A.

20  Nelson to prosecute this action, and therefore, Plaintiff is entitled to reasonable attorney's fees

21  therefore.

22       WHEREFORE Plaintiff prays for judgment against Defendants for all damages to which she

23  is entitled in such categories and in such amounts as deemed appropriate by the jury and this Court.

24  ///

25  ///

26  ///

27  ///

28  ///

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff demands trial by jury of all of the issues in this action.

3

DATED this 24$^h$ day of April, 2018.

4

THE LAW OFFICE OF VERNON NELSON

5

6

By: _____/s/Vernon Nelson_____
VERNON NELSON, ESQ.
Nevada Bar No.: 6434

7

MELISSA INGLEBY, ESQ.
Nevada Bar No.: 12935

8

9480 S. Eastern Avenue, Suite 252
Las Vegas, NV   89123

9

Tel:  702-476-2500
Fax:  702-476-2788

10

E-Mail:  vnelson@nelsonlawfirmlv.com
mingleby@nelsonlawfirmlv.com

11

*Attorney for Plaintiff Tana Magel fka Tana Barre*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10