1 | **Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
2 | Nevada Bar No. 4949
Chad F. Clement, Esq.
3 | Nevada Bar No. 12192
Jared M. Moser, Esq.
4 | Nevada Bar No. 13003
10001 Park Run Drive
5 | Las Vegas, Nevada 89145
Telephone: (702) 382-0711
6 | Facsimile: (702) 382-5816
tcoffing@maclaw.com
7 | cclement@maclaw.com
jmoser@maclaw.com
8 | *Attorneys for Richland Holdings, Inc. d/b/a*
*AcctCorp of Southern Nevada and*
9 | *Donna Armenta d/b/a Donna Armenta Law*

10 | **DISTRICT COURT**

11 | **CLARK COUNTY, NEVADA**

12 | TANA MAGEL, formerly known as TANA BARRE, | Case No.:   2:18-cv-00753-APG-GWF
13 |
14 | Plaintiff, | **DEFENDANTS RICHLAND HOLDINGS, INC. D/B/A ACCTCORP OF SOUTHERN NEVADA'S AND DONNA ARMENTA D/B/A DONNA ARMENTA LAW'S MOTION TO DISMISS**
vs.
15 |
RICHLAND HOLDINGS, INC. d/b/a
16 | ACCTCORP OF SOUTHERN NEVADA, a
Nevada Corporation; R.C. WILLEY aka RC
17 | WILLEY FINANCIAL SERVICES, and
DONNA ARMENTA d/b/a DONNA
18 | ARMENTA LAW,
19 | Defendants.
20 |
21 |     Defendants Richland Holdings, Inc. d/b/a AcctCorp of Southern Nevada ("AcctCorp")
22 | and Donna Armenta d/b/a Donna Armenta Law ("Armenta") (collectively, the "AcctCorp
23 | Parties"), by and through their attorneys of record, the law firm of Marquis Aurbach Coffing, and
24 | pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6), hereby file their
25 | Motion to Dismiss ("Motion"). This Motion is based upon the following Points and Authorities,
26 | all pleadings and papers on file herein, and any oral argument this Court wishes to entertain on
27 | this matter.
28 | / / /

*(Left margin, vertical text):* **MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3

Plaintiff Tana Magel, formerly known as Tana Barre ("Plaintiff"), brings insufficiently

4

pleaded, time-barred, and judicially estopped claims, further barred by the principle of claim

5

preclusion.  Moreover, to the extent Plaintiff asserts a *de facto* challenge to the amounts awarded

6

pursuant to a Confession of Judgment ("COJ") entered in the underlying state court case, styled

7

*Richland Holdings, Inc. v. Barre*, Case No. 17C006175, in the Justice Court of the Las Vegas

8

Township ("State Court Action"), this Court lacks subject-matter jurisdiction to consider the

9

claims under the *Rooker-Feldman* Doctrine.  Furthermore, in signing the COJ, Plaintiff waived

10

any and all defenses and legal arguments she has to dispute the validity of the underlying debt.

11

Additionally, Plaintiff's claims simply fail to sufficiently plead facts supporting her claims.

12

For these reasons, Plaintiff's three claims against the AcctCorp Parties – "Violations of

13

the FDCPA," "Abuse of Process," and for "Civil Conspiracy" must be dismissed in their

14

entirety, and with prejudice.

15

**II.     STATEMENT OF FACTS[1]**

16

1.      "On or about March 28, 2017, Richland filed a lawsuit against Plaintiff in Justice

17

Court of Las Vegas Township, Case No. 17C006175 (the "Collection Lawsuit"). The Collection

18

Lawsuit alleges Plaintiff entered into a contract with RCW for services in or around October 28,

19

2006 (the "Contract")."[2]

20

2.      "The Collection Lawsuit further alleges Plaintiff failed to pay the amount owed to

21

[RC Willey] under the Contract (the 'Debt'). The alleged Debt is the sum of $1,126.75, including

22

a contractual collection fee of $563.38 for a total of $1,690.13, plus interest accruing at a

23

contractual rate of 24% from the date of assignment until paid."[3]

24

---

25

[1] Although the AcctCorp Parties dispute some of Plaintiff's facts, they understand that the Court must accept the substantive factual allegations as true for purposes of this Motion and, therefore, accept them for purposes of this Motion only.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

26

27

[2] ECF No. 1, at 3, ¶ 10.

28

[3] *Id.*, at ¶ 12.

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.     "[T]he identified collection fee is equal to 50% of the principal balance assigned to Richland," which assignment took place "on February 17, 2017."[4]

4.     "[AcctCorp] retained Armenta to file the Collection Lawsuit on its behalf."[5]

5.     "On or about April 24, 2017, Defendants obtained and filed a Confession of Judgement [sic] ('COJ') against Plaintiff."[6]

6.     Certainly, Plaintiff would have had to have been served with the summons and complaint in the State Court Action prior to that April 24, 2017 date, but to be sure, the public record reflects Plaintiff was served with the summons and complaint in the State Court Action on April 4, 2017.[7]

7.     "The COJ reflects a principal sum of $1,690.13, plus interest accruing at a contractual rate of 24%, plus attorney's fees in the amount of $300.00, and court fees and costs in the amount of $161.50 for a total of $2,224.98."[8]

8.     "On June 27, 2017, Defendants filed the Notice of Entry of Judgment ('NOJ') against Plaintiff."[9]

9.     After obtaining writs of execution and enforcing the COJ, "[o]n or about February 16, 2017, Defendants filed a Satisfaction of Judgment."[10]

10.    Given Plaintiff's reliance upon the COJ, and the fact the COJ forms the basis of, or is a significant element of, Plaintiff's claims for relief, it is attached hereto as **Exhibit 3** for

[4] *Id.* at ¶¶ 13-14.

[5] *Id.* at ¶ 15.

[6] *Id.* at ¶ 16.

[7] *See* Summons and Decl. of Serv., State Court Action, a true, accurate, and authentic copy of which is attached hereto as **Exhibit A**; *see also* Decl. of Jared M. Moser, Esq. ("Moser Decl."), attached hereto as **Exhibit B** (authenticating pleadings from State Court Action which were publicly-filed and were obtained from the public record).

[8] *Id.* at ¶ 17.

[9] *Id.* at ¶ 18.

[10] *Id.* at ¶¶ 19-21.

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

1   incorporation by reference and consideration by this Court without converting this Motion to one

2   for summary judgment.

3   **III.   LEGAL STANDARDS**

4       **A.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

5       The Court should dismiss any cause of action that fails to state a claim upon which relief

6   can be granted.  FRCP 12(b)(6); *see also N. Star Int'l. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581

7   (9th Cir. 1983).  A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a claim."

8   *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A properly pleaded complaint must

9   provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."

10   FRCP 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court

11   accepts all well-pleaded allegations of material fact as true and construes the pleadings favorably

12   to the plaintiff.  *See Manzarek*, 519 F.3d at 1031.

13       While "detailed factual allegations" are not required, a complaint must include "more

14   than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556

15   U.S. 662, 678 (2009).  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

16   recitation of the elements of a cause of action will not do.'"  *Id.* (citing *Twombly*, 550 U.S., at

17   555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of

18   'further factual enhancement.'"  *Id.*  (citation and alteration omitted).  Mere "conclusory

19   allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for

20   failure to state a claim."  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

21   Addressing the post-Iqbal pleading standards, the Ninth Circuit requires that "the factual

22   allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

23   unfair to require the opposing party to be subjected to the expense of discovery and continued

24   litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

25       Generally, district courts do not consider material beyond the pleadings when ruling on a

26   motion to dismiss under FRCP 12(b)(6).  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*,

27   896 F.2d 1542, 1555, n.19 (9th Cir. 1990) (citation omitted).  "A court may, however, consider

28   certain materials—documents attached to the complaint, documents incorporated by reference in

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

1   the complaint, or matters of judicial notice—without converting the motion to dismiss into a

2   motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)

3   (citations omitted).

4       In *Ritchie*, the Ninth Circuit explained:

5       Even if a document is not attached to a complaint, it may be incorporated by

6       reference into a complaint if … *the document forms the basis of the plaintiff's
    claim*. The *defendant may offer such a document*, and *the district court may

7       treat such a document as part of the complaint, and thus may assume that its
    contents are true for purposes of a motion to dismiss under Rule 12(b)(6)*.

8   *Id.* (citations omitted) (emphases added).

9   ## B.    MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER

10         JURISDICTION

11       Under FRCP 12(b)(1), a party may assert a defense of lack of subject-matter jurisdiction

12   by motion. "If the court determines at any time that it lacks subject-matter jurisdiction, the court

13   *must* dismiss the action." FRCP 12(h)(3) (emphasis added). As emphasized, dismissal in this

14   case is mandatory, not permissive or discretionary.

15       "The *Rooker–Feldman* doctrine has evolved from the two Supreme Court cases from

16   which its name is derived." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (2004) (citing

17   *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *Dist. of Columbia Court of*

18   *Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983)). "If a plaintiff brings a de facto

19   appeal from a state court judgment, *Rooker–Feldman* requires that the district court dismiss the

20   suit for lack of subject matter jurisdiction." *Id.*; *see also Salman v. Rose*, 104 F. Supp. 2d 1255,

21   1258 (D. Nev. 2000) (recognizing that "the *Rooker–Feldman* doctrine dictates that federal courts

22   lack subject matter jurisdiction, even if a State court judgment was erroneous or

23   unconstitutional") (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir. 1999)). In *Bell*

24   *v. City of Boise*, 709 F.3d 890 (9th Cir. 2013), the Ninth Circuit explained that "[t]he *Rooker–*

25   *Feldman* doctrine forbids a losing party in state court from filing suit in federal district court

26   complaining of an injury caused by a state court judgment, and seeking federal court review and

27   rejection of that judgment." *Id.* at 897 (citation omitted).

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    To the extent Plaintiff's Complaint now challenges the damages sought and awarded

2  pursuant to the COJ entered by the court in the State Court Action, and the bases for the same,

3  this Court lacks subject-matter jurisdiction.  Accordingly, the AcctCorp Parties submit that, to

4  the extent Plaintiff's claims are based on the alleged "COJ Violation," "Collection Fee

5  Violation," and "Interest Fee Violation," the Court must dismiss those claims with prejudice.

6  **IV.    LEGAL ARGUMENT**

7    Plaintiff's claims against the AcctCorp Parties must be dismissed because (1) her FDCPA

8  claim and its various subparts are barred by the applicable statute of limitations; (2) her claims

9  are precluded by the doctrine of judicial estoppel; (3) Plaintiff's claims have already been

10  waived; (4) her claims against the AcctCorp Parties are prohibited by the principle of res

11  judicata, or claim preclusion; (5) this Court lacks subject-matter jurisdiction under the *Rooker-*

12  *Feldman* doctrine; and (6) even accepting Plaintiff's facts as true, they fail to support the causes

13  of action she has asserted.

14    **A.    PLAINTIFF'S FDCPA CLAIMS ARE TIME-BARRED.**

15    Claims brought under the FDCPA are subject to a one-year statute of limitations.  *See* 15

16  U.S.C. § 1692k(d).  Although the "discovery rule" applies to FDCPA claims, that principle does

17  not rescue Plaintiff's untimely FDCPA claims in this case.  *See Mangum v. Action Collection*

18  *Service, Inc.,* 575 F.3d 935, 940 (9th Cir. 2009).

19    In *Lyons v. Michael & Associates*, 824 F.3d 1169 (9th Cir. 2016), the Ninth Circuit

20  expounded on its holding in *Mangum*, explaining "that the discovery rule applies equally

21  regardless of the nature of the FDCPA violation alleged by a plaintiff."  *Id.* at 1171.  In so

22  holding, the *Lyons* panel accepted the appellant's argument in that case, namely that "she did not

23  know or have reason to know about the collection case against her until … she was served with

24  process."  *Id.* at 1170; *see also id.* at 1170 (citing *Tourgeman v. Collins Fin. Servs., Inc.*, 755

25  F.3d 1109, 1118 n.5 (9th Cir. 2014) ("The district court appropriately concluded that the first

26  time that Tourgeman reasonably could have become aware of the allegedly false and misleading

27  representations in Defendants' letters was when his father was served with summons and

28  complaint in the state court lawsuit … ") (alteration and internal quotation marks omitted)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Plaintiff's claims did not accrue when she finally understood them;[11] instead, "[u]nder federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief."  *Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012) (citations omitted); *see also Mangum*, 575 F.3d at 940 (discussing the discovery rule in the context of FDCPA claims and holding that "a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action") (citations omitted) (emphases added).  Indeed, federal courts have explained that

> … the plaintiff must have some elemental knowledge of [the claim]. ***This does not mean***, however, that ***a plaintiff must have complete knowledge of all elements or a legal understanding of the nature of the claim before his claim exists***.  Such a completely subjective interpretation would defeat the public-interest policy for limitations periods, that at some point the right to be free of stale claims comes to prevail over the right to prosecute them.

*Lekas v. United Airlines, Inc.*, 282 F.3d 296, 299-300 (4th Cir. 2002) (citing *United States v. Kubrick*, 444 U.S. 111, 117, 100 S. Ct. 352 (1979)) (emphasis added).

As the Ninth Circuit has stated:

> There is a twist to the discovery rule: The ***plaintiff must be diligent in discovering the critical facts***.  As a result, a plaintiff who did not actually know that his rights were violated will be barred from bringing his claim after the running of the statute of limitations, if he should have known in the exercise of due diligence.

*Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (citation omitted) (emphasis added), *amended on denial of reh'g*, 208 F.3d 831 (9th Cir. 2000); *see also Fernandez v. United States*, 673 F.2d 269, 271-72 (9th Cir. 1982) (recognizing a reasonable inquiry must be made such that claim accrual occurs when plaintiffs should have known of their alleged injury).

/ / /

/ / /

/ / /

/ / /

---

[11] *See* ECF No. 1, at 3:4-6, ¶ 9 (alleging "Plaintiff contends: [sic] she did not know Defendants committed the multiple violations described below until she retained a credit repair agency in July 2017").

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

1   In this case, Plaintiff acknowledges the State Court Action was filed on or about March

2   28, 2017.[12]   Then, according to Plaintiff, the COJ was entered on or about April 24, 2017.[13]

3   Naturally, one could reasonably infer Plaintiff would have had to have been served prior to

4   April 24, 2017, but, to be sure, the Court can see the public record reflects ***Plaintiff was served***

5   with the summons and complaint in the State Court Action ***on April 4, 2017***.[14]

6   No doubt, as this Court has concluded in similar circumstances, Plaintiff "had all [s]he

7   needed to reasonably discover [her] claims when the state-court action was commenced and

8   [s]he was personally served with a complaint containing the request for damages far exceeding

9   the principal balance."[15]   Indeed, Plaintiff's "failure to investigate" any inconsistency between

10   what she knew she owed and what the complaint in the State Court Action said she owed "does

11   not allow [her] to revive otherwise time-barred claims once [s]he chose to retain counsel."[16]

12   Thus, the statute of limitations on Plaintiff's FDCPA claims expired April 4, 2018.  *See*

13   15 U.S.C. § 1692k(d); *see also Lyons*, 824 F.3d at 1170; *Tourgeman*, 755 F.3d at 1118 n.5.

14   Plaintiff's instant lawsuit was not initiated until April 24, 2018, nearly three weeks late.[17]

15   Accordingly, even accepting Plaintiff's allegations as true, her FDCPA claims are time-barred

16   and should be dismissed with prejudice.

17   **B.   PLAINTIFF IS BARRED BY JUDICIAL ESTOPPEL AND WAIVER.**

18   Plaintiff previously executed a sworn affidavit (the "Affidavit") in support of the COJ

19   filed in the State Court Action.[18]   In the Affidavit, Plaintiff acknowledges that by signing the

20   COJ, "all defenses (i.e. reasons why affiant is not liable for this debt) may not be asserted; and

---

[12] *See* Statement of Facts, above ("SOF"), at ¶ 1.

[13] *See id.*, at ¶ 5.

[14] *See id.*, at ¶ 6.

[15] *Compare Whitt v. Richland Holdings, Inc. et al.*, Case No. 2:17-cv-00014-APG-NJK, ECF No. 62, at 11:17-19, *with* SOF, at ¶ 2.

[16] *Whitt*, ECF No. 62, at 12:2-4.

[17] *See generally* ECF No. 1.

[18] SOF, at ¶ 5.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

… by [signing] affiant(s) ***acknowledge(s) that the debt is legitimately owed*** [and] that affiant signed the within instrument of his/her own free will … "[19]  Based on these representations and acknowledgements, Plaintiff has waived all claims she now asserts as to the validity of the underlying debt, and she is also judicially estopped from bringing the instant claims.

### 1.   Plaintiff is Judicially Estopped from Bringing Her Claims in this Lawsuit.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citing *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600–601 (9th Cir. 1996) and *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).  Courts "invoke[] judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts." *Id.* (citation, alteration, and internal quotation marks omitted).

The United States Supreme Court has identified three factors the Court may consider in determining whether to apply judicial estoppel, although all need not be established: (1) whether Plaintiff's later position is "clearly inconsistent with [her] earlier position"; (2) whether she "succeeded in persuading a court to accept [her] earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) whether Plaintiff would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 782-83 (citations and internal quotation marks omitted).  Judicial estoppel is not limited to barring "the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases." *Id.* at 783.  Because all factors are satisfied

---

[19] *See* Ex. C, <u>Confession of J.</u>, State Court Action (emphasis added); *see also, generally,* Ex. B, <u>Moser Decl.</u> (authenticating pleadings from State Court Action which were publicly-filed and were obtained from the public record).

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

here, Plaintiff should be prohibited, under the doctrine of judicial estoppel, from asserting any of her claims in the instant case.

In the State Court Action, Plaintiff took the position the underlying debt was "legitimately owed" in order to "halt litigation."[20] She was successful "in persuading a court to accept [her] earlier position," in that judgment was entered and litigation halted, so "judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Hamilton*, 270 F.3d at 782-83. Plaintiff would, without question, derive an unfair advantage or impose an unfair detriment on the AcctCorp Parties if not estopped because she cut off the AcctCorp Parties' rights in the State Court Action by asserting her first position in order to achieve the "forbearance of further legal action" and full accountability, only to bring suit, here, in complete contradiction to her earlier representations.[21] *See id.*

These circumstances are a classic example of conduct federal courts have judicially estopped, and the result in this case should be no different. Plaintiff's claims should be dismissed with prejudice.

## 2.   Plaintiff Knowingly and Voluntarily Waived the Claims She Now Asserts in this Matter.

"Under the generally accepted definition, a waiver is 'the voluntary relinquishment — express or implied — of a legal right or advantage." *Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1170 (citing BLACK'S LAW DICTIONARY 1574 (7th ed. 2004); *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770 (1993); *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019 (1938)) (alteration omitted). The *Clark* court explained, "[w]hat constitutes a waiver depends, in the first instance, on the nature of the right at issue." *Id.* (citation omitted).

Waivers are enforced when they are knowing and intelligent, "which means the individual has 'sufficient awareness of the relevant circumstances and likely consequences' of

---

[20] Ex. C, Confession of J., State Court Action.

[21] *Compare id.*, *with* ECF No. 1.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

his decision." *Id.* at 1170-71 (citations omitted).  With respect to a consumer's rights under the FDCPA, the Ninth Circuit has recognized that "[a] knowing and voluntary waiver of a statutory right," among others, even if unknown, "is enforceable."  *United States v. Navarro-Botello*, 912 F.2d 318, 319, 321 (9th Cir. 1990).

The COJ includes language whereby Plaintiff acknowledged her understanding of the consequences of her actions in signing, conceded she was signing voluntarily and of her own free will, and explicitly recognized the benefits she reaped in swearing, under oath, to the terms of and facts supporting the COJ.[22]  Specifically, Plaintiff waived any defenses to the validity of the underlying debt, such as those she now asserts as affirmative claims – allegedly unlawful terms, including excessive collection fees and "unlawful rates of interest," inability to collect, and the like.[23]

Therefore, to the extent her claims against the AcctCorp Parties relate to the amounts owed in the State Court Action – her first, second, and fourth claims for relief – those claims have been waived and must be dismissed with prejudice.

### C.    ALL OF PLAINTIFF'S CLAIMS ARE LOGICALLY RELATED TO THE CLAIMS ASSERTED IN THE STATE COURT ACTION, SO THEY ARE BARRED BY RES JUDICATA, OR CLAIM PRECLUSION.

Under governing Nevada law, Plaintiff's claims would have been compulsory counterclaims in the State Court Action.  Because they were not timely asserted in that case, they are now barred by the doctrine of claim preclusion.

### 1.    Nevada Law Applies to Determine Whether a State Court Judgment Has a Preclusive Effect.

In determining the preclusive effect of a state court judgment, federal courts "apply the forum state's law" relating to preclusion.  *In re Plyam*, 530 B.R. 456, 462 (9th Cir. BAP 2015) (citations omitted).   Accordingly, "[f]ederal courts must apply Nevada law concerning claim preclusion to a prior Nevada state court judgment … under the Constitution's

---

[22] *See, generally*, Ex. C, <u>Confession of J.</u>, State Court Action.

[23] *Compare id.*, *with* ECF No. 1.

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   Full Faith and Credit Clause and under 28 U.S.C. § 1738." *Holcombe v. Hosmer*, 477 F.3d 1094,

2   1097 (9th Cir. 2007) (citation omitted).

3          **2.     Nevada Law Also Governs Whether a Counterclaim is Either Permissive or Compulsory.**

4

5          "The question whether [Plaintiff's] claims are compulsory counterclaims which should

6   have been pleaded in the earlier [AcctCorp] state court action is a question of state law."

7   *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (citing *Carnation Co.*

8   *v. T.U. Parks Constr. Co.*, 816 F.2d 1099, 1099–1102 (6th Cir. 1987); *Podhorn v. Paragon Grp.*,

9   795 F.2d 658, 661 (8th Cir. 1986); *Chapman v. Aetna Fin. Co.*, 615 F.2d 361, 362-64 (5th Cir.

10  1980); *Cleckner v. Republic Van & Storage Co.*, 556 F.2d 766, 768–69 (5th Cir. 1977));

11  *Holcombe*, 477 F.3d at 1097-98 (applying state law in determining that a claim under 42 U.S.C.

12  § 1983 was a compulsory counterclaim "even if the litigants did not actually litigate the federal

13  claim in state court") (citations omitted).

14         **3.     Nevada Law Dictates Plaintiff's Claims in this Case Were Compulsory Counterclaims, Which Must Have Been Brought in the State Court Action.**

15

16         Plaintiff's claims in this case were compulsory counterclaims to the State Court Action,

17  so, pursuant to Nevada Rules of Civil Procedure ("NRCP") 13, they had to have been brought in

18  that case, lest they be forever barred, as they now are.   Because they were compulsory

19  counterclaims that Plaintiff failed to plead, this Court must dismiss those claims with prejudice.

20         **a.     NRCP 13(a) governs compulsory counterclaims in the State Court Action relative to the claims this case.**

21

22         Pursuant to NRCP 13(a), governing compulsory counterclaims in Nevada,

23         [a] pleading ***shall*** state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the

24         transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the

25         court cannot acquire jurisdiction.

26  NRCP 13(a) (emphasis added); *see also Markowitz v. Saxon Special Servicing*, 129 Nev. 569,

27  572, 310 P.3d 569, 572 (2013) ("The word 'shall' is generally regarded as mandatory.") (citation

28  omitted).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

All of Plaintiff's claims in this matter arose "out of the transaction or occurrence that [wa]s the subject matter of [AcctCorp's] claim [in the State Court Action] and [did] not require … the presence of third parties of whom the court cannot acquire jurisdiction." *Id.* Indeed, Plaintiff's Complaint [ECF No. 1] pleads allegations all relating to her contract with RC Willey, the assignment of the account from RC Willey to AcctCorp, and the contractual collection fee and interest assessed on the delinquent balance.

Therefore, those claims were compulsory counterclaims, effectively resolved by adjudication of the State Court Action. *See Exec. Mgmt. v. Ticor Title Ins. Co.*, 114 Nev. 823, 836, 963 P.2d 465, 474 (1998) (holding compulsory counterclaims not previously brought are later barred by claim preclusion).

> **b. Nevada's "logical relationship" test renders Plaintiff's causes of action in this case compulsory counterclaims that should have been brought in the State Court Action.**

For more than fifty years, the Nevada Supreme Court has implemented the "logical relationship" test to determine whether a counterclaim is compulsory or permissive. *See MacDonald v. Krause*, 77 Nev. 312, 320, 362 P.2d 724, 728-29 (1961) (considering that "the[] pleadings disclose a sufficient logical relationship so that, in the interest of avoiding circuity and multiplicity of action, the counterclaim should be considered compulsory," and referring to the rule that "any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim") (citations omitted).

As recently as October 2017, the Nevada Supreme Court reiterated its broad application of the "logical relationship" test. *See Mendenhall v. Tassinari*, 403 P.3d 364, 370-71 (Nev. 2017) (accepting that "in the most common test, courts have held that the requirement of 'same transaction or occurrence' is met when there is a 'logical relationship' between the counterclaim and the main claim) (citations and alteration omitted). This analysis dictates that Plaintiff's claims must have been brought as compulsory counterclaims in the State Court Action.

"[T]he definition of transaction or occurrence," under NRCP 13(a), "does not require an identity of factual backgrounds." *Id.*, at 370 (citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610, 46 S. Ct. 367 (1926)). Rather, "the relevant consideration is whether the pertinent facts of

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

the different claims are so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit." *Id.*; *see also Pochiro*, 827 F.2d at 1252 (analyzing abuse of process as a compulsory counterclaim, rejecting state courts' contrary holdings, and concluding " … that the liberal reading of the 'transaction or occurrence' standard is more in keeping with the pronouncements of the Supreme Court, *we now reject the line of cases that has refused to find an abuse of process claim a compulsory counterclaim*.") (emphasis added).

### 4. This Court Should Conclude, Under Nevada Law and the Logical Relationship Test, that Claim Preclusion Applies to Bar What Would Have Been Plaintiff's Compulsory Counterclaims.

The Nevada Supreme Court "has established a three-part test for determining whether claim preclusion applies." *Mendenhall*, 403 P.3d at 368 (citing *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008), *holding modified on other grounds by Weddell v. Sharp*, 131 Nev. Adv. Op. 28, 350 P.3d 80 (2015)). The three factors of this test include "whether (1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Id.* (citation omitted).

*Executive Management* recognized "that claim preclusion *embraces all grounds of recovery* that were asserted in a suit, *as well as those that could have been asserted*, and thus has a broader reach than issue preclusion." 114 Nev. at 835, 963 P.2d at 473 (citation and alteration omitted) (emphases added). To that end, the court in *Executive Management* recognized that "a party who decides not to bring his … compulsory counterclaim under Rule 13(a)" is barred by res judicata, or claim preclusion, "from asserting it in a later action." *Id.* at 836, 963 P.2d at 474 (citation omitted).

Even where Plaintiff failed to participate in the State Court Action, her unpleaded compulsory counterclaims are still precluded, now, under governing Nevada law. *See MacDonald*, 77 Nev. at 322, 362 P.2d at 729 ("[T]he failure to assert a claim in an earlier action, where the then-defendant suffered a default judgment, [still] bars him from suing on it in a later action.") (citations omitted). Referencing the Advisory Committee notes to FRCP 13, the *MacDonald* court explained that the Rules contemplate that "independent suit is barred if the

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

earlier action has 'proceeded to judgment,' without indicating what kind of a judgment it contemplates." *Id.*

In fact, other recent decisions from this District have reached the conclusion that claims like Plaintiff's are compulsory counterclaims and, therefore, barred having not been asserted in the earlier, logically-related action. *See, generally, Cutts v. Richland Holdings, Inc. et al.*, Case No. Case No. 2:17–CV–1525 JCM (PAL), 2018 WL 1073135 (D. Nev. Feb. 27, 2018) (dismissing nearly identical FDCPA and state law claims on claim preclusion grounds); *see also Geraldo et al. v. Richland Holdings, Inc. et al.*, Case No. 2:17–CV–15 JCM (PAL), 2017 WL 3174918 (D. Nev. July 26, 2017), *aff'd*, 716 F. App'x 728 (9th Cir. Mar. 29, 2018).

Accordingly, dismissal with prejudice is consistent with, and an appropriate application of, Nevada law.

### D. TO THE EXTENT SHE CHALLENGES AMOUNTS AWARDED BY THE STATE COURT, PLAINTIFF'S FDCPA CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.[24]

"The *Rooker–Feldman* doctrine has evolved from the two Supreme Court cases from which its name is derived." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983)). "*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Id.* (citation omitted).

"If a plaintiff brings a de facto appeal from a state court judgment, *Rooker–Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Id.*; *see also Salman v. Rose*, 104 F. Supp. 2d 1255, 1258 (D. Nev. 2000) (recognizing that "the *Rooker–Feldman* doctrine dictates that federal courts lack subject matter jurisdiction, even if a State court judgment was erroneous or unconstitutional") (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir. 1999)). In *Bell v. City of Boise*, 709 F.3d 890 (9th Cir. 2013), the Ninth Circuit explained that "[t]he *Rooker–Feldman* doctrine forbids a losing party in state court from filing

[24] Although the AcctCorp Parties acknowledge this Court's prior rejection of the application of *Rooker-Feldman* to similar facts in other cases, they assert these arguments to preserve the issue for appeal.

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  suit in federal district court complaining of an injury caused by a state court judgment, and

2  seeking federal court review and rejection of that judgment." *Id.* at 897 (citation omitted).

3      **1.  Applying the Appropriate Standard, this Court Should Readily
        Conclude that the *Rooker-Feldman* Doctrine Applies.**

4

5      "To determine whether the *Rooker–Feldman* bar is applicable, a district court first must

6  determine whether the action contains a forbidden de facto appeal of a state court decision." *Id.*

7  (citation and footnote reference omitted).   Then, "[i]f a federal plaintiff seeks to bring a

8  forbidden de facto appeal, that federal plaintiff may not seek to litigate an issue that is

9  'inextricably intertwined' with the state court judicial decision from which the forbidden de facto

10 appeal is brought." *Id.* (citation and some internal quotation marks omitted).

11     "The 'inextricably intertwined' language from *Feldman* is not a test to determine whether

12 a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker–Feldman*

13 analysis." *Id.*  (citation omitted).  If there is no de facto appeal, then the *Rooker–Feldman*

14 inquiry ends. *Id.*  Here, the *Rooker-Feldman* doctrine does apply because Plaintiff is making a

15 de facto appeal, and she is trying to litigate issues that are inextricably intertwined with the COJ

16 in the State Court Action.

17     **a.   Plaintiff has asserted a forbidden de facto appeal.**

18     Here, Plaintiff has asserted a forbidden de facto appeal by implicitly alleging a legal error

19 by the state court in accepting the COJ, *i.e.,* that the state court's award of a contractual

20 collection fee and interest at fifty percent (50%) was unlawful.

21     "A de facto appeal exists when a federal plaintiff asserts as a legal wrong an allegedly

22 erroneous decision by a state court, and seeks relief from a state court judgment based on that

23 decision." *Bell*, 709 F.3d at 897 (citation omitted).  "Put another way, if adjudication of the

24 federal claims would undercut a state ruling, the federal claim must be dismissed for lack of

25 subject matter jurisdiction." *San Francisco Bay Area Rapid Transit Dist. v. Gen. Reinsurance*

26 *Corp.*, 111 F. Supp. 3d 1055, 1066 (N.D. Cal. 2015) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d

27 895, 898 (9th Cir. 2003)) (alterations and internal quotation marks omitted).

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    District courts around the Ninth Circuit have consistently applied *Bell*, *Kougasian*, and

2   other related authority in deciding that claims like Plaintiff's are forbidden.  *See, e.g., Riding v.*

3   *CACH LLC*, 992 F. Supp. 2d 987, 994 (C.D. Cal. 2014); *see also Grant v. Unifund CCR*

4   *Partners*, 842 F. Supp. 2d 1234, 1239-40 (W.D. Cal. 2012); *Fleming v. Gordon & Wong Law*

5   *Grp., P.C.*, 723 F. Supp. 2d 1219 (N.D. Cal. 2010).

6    In *Riding*, for instance, the court listed the plaintiff's eight bases for relief under the

7   FDCPA but noted that the plaintiff's allegations of FDCPA violations relating to the amounts

8   that the defendants had asserted the plaintiff owed were barred.  *See id.*   The *Riding* court

9   concluded that

10   the state court, by issuing a default judgment against Plaintiff, already determined
11   that Plaintiff was liable for that debt.  ***If this Court were to hold otherwise, it***
     ***would undercut the state court ruling. Thus, to the extent that Plaintiff's***
12   ***FDCPA claims are premised on the proposition that Plaintiff is not liable for***
     ***the debt, the Court finds that those claims are barred by the* Rooker–Feldman**
13   ***Doctrine***.

14   *Id.* (citations omitted) (emphasis added); *see also, e.g., Williams v. Cavalry Portfolios Servs.,*

15   *LLC*, No. SACV 10-00255 JVS, 2010 WL 2889656, at *4 (C.D. Cal. July 20, 2010) ("Plaintiff,

16   by way of default judgment, is a losing party in state court.  If Plaintiff were to prevail on his

17   FDCPA claims, he must prove that he is not liable for the debt.  Such a finding would undermine

18   the state court default judgment.   Thus, Plaintiff's claims are barred by *Rooker–Feldman*.").

19   Surely, Plaintiff's claims relating to the collection fees and interest sought and awarded in the

20   State Court Action are barred.

21    In the *Grant* case, the court ultimately allowed a claim relating to the validation notice

22   under 1692g to proceed but dismissed the majority of the plaintiff's complaint, under the

23   *Rooker-Feldman* doctrine.  *See* 842 F. Supp. 2d 1234, 1239-40.  The AcctCorp Parties submit

24   that a similar result is warranted here, at least relative to the *Rooker-Feldman* Doctrine.[25]   The

25   plaintiff's dismissed claims included those relating to allegations (1) that plaintiff was never

26

27   [25] The AcctCorp Parties respectfully submit that the multiple other bases for dismissal set forth herein
     make the inapplicability of *Rooker-Feldman* to Plaintiff's 1692g, abuse of process, and civil conspiracy
28   claims easy to overcome for purposes of the AcctCorp Parties' requested 12(b)(6) relief.

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

served in the state court action; (2) that plaintiff does not owe the debt at issue in the state court action; (3) that defendant obtained money it should not have, and (4) that the affidavit submitted in support of the request for default judgment was "false and fraudulent." *See id.*

The *Fleming* court faced a situation almost identical to the instant case and ultimately concluded as follows:

> Plaintiff's FDCPA claim is barred by the *Rooker–Feldman* doctrine. Plaintiff's alleged injury is based on her contention that only $149.98 remained due to Defendant when Defendant filed … seeking $1869.00. ***To evaluate Plaintiff's claim, the Court must determine the validity of the $1869.00 debt recognized by the state court … Thus, adjudication of Plaintiff's FDCPA claim would undercut the state court's judgment and constitute a de-facto appeal***.

723 F. Supp. 2d at 1223 (emphasis added).

Were this Court to determine the amounts awarded in the State Court Action, based on the violations Plaintiff has alleged, were legally erroneous, such a determination would "undercut the state court's judgment." *Id.* Such a de facto appeal is not permitted, and takes the *Rooker-Feldman* analysis to its second inquiry – whether the issues raised by Plaintiff are inextricably intertwined with the state court judicial decision from which their forbidden de facto appeal arises. *See Bell*, 709 F.3d at 897. The AcctCorp Parties submit that they are.

### b. Plaintiff seeks to litigate issues that are inextricably intertwined with the COJ in the State Court Action.

As pleaded, Plaintiff's claims "seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." *Id.*

"If issues presented in a federal suit are 'inextricably intertwined' with issues presented in a forbidden de facto appeal from a state court decision, *Rooker–Feldman* dictates that those intertwined issues may not be litigated." *Kougasian*, 359 F.3d at 1142 (citing *Feldman*, 460 U.S. at 483 n.16, 103 S. Ct. 1303); *see also Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481-82, 102 S. Ct. 1883 (1982) ("It has long been established that [28 U.S.C.] § 1738 does not allow federal courts to employ their own rules of res judicata [or claim preclusion] in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken.") (citation omitted); 28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

U.S.C. § 1738 (dictating that federal courts must give "full faith and credit" to state court judgments).

The Ninth Circuit considered exactly what constitutes an "inextricably intertwined" claim in the case of *Cooper v. Ramos*, 704 F.3d 772 (9th Cir. 2012).  In *Cooper*, the Court explained as follows:

> In identifying what issues are inextricably intertwined with a forbidden appeal, the following succinct guidance from Justice Marshall is useful:
>
> … the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.  Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Id.* at 778-79 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519, (1987) (Marshall, J., concurring).  Based on that direction from the U.S. Supreme Court, the *Cooper* opinion goes on: "we have found claims inextricably intertwined where the relief requested in the federal action would effectively reverse the state court decision or void its ruling."  *Id.* at 779 (citing *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)); *see also Moriarity v. Henriques*, No. 1:11–cv–01208-JLT, 2013 WL 1704937, at *4 (E.D. Cal. Apr. 19, 2013) ("Because this Court is unable to review the finding of the state court regarding Plaintiff's obligation to pay the debt, it lacks subject matter jurisdiction over Plaintiff's claims for violations of Section 1692e pursuant to the *Rooker–Feldman* doctrine.").

Here, Plaintiff's FDCPA claims are based, at least in part, on (1) the so-called "COJ Violation" from when "Richland and Armenta obtained a COJ" entered by the state court; (2) the so-called "Collection Fee Violation" based on allegedly "charging unlawful collection charges" that were accepted in the State Court Action; and (3) the so-called "Interest Fee Violation" based on the alleged "unlawful" charging of "24% interest on the total amount allegedly due including the unlawful contractual collection fee" adjudicated in the State Court Action.[26]

---

[26] ECF No. 1, at ¶¶ 17, 24, & 26.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

1    These are all inextricably intertwined with the damages award in the State Court Action

2    because Plaintiff argues that the damages awarded were legally erroneous or otherwise not

3    permitted by law.[27]  If this Court were to conclude that contractual collection fee and interest

4    elements of the damages awarded by the state court, or the COJ itself, were unlawful, then it

5    "would effectively reverse the state court decision or void its ruling."  *Cooper*, 704 F.3d at 779

6    (citations omitted).  Therefore, at least the "COJ Violation," the "Collection Fee Violation," and

7    the "Interest Fee Violation" elements of Plaintiff's FDCPA claims are inextricably intertwined

8    with the state court's judgment.

9    Plaintiff has, therefore, presented a de facto appeal, seeking to litigate issues that are

10   inextricably intertwined with the state court's damages award.  Consequently, this Court lacks

11   subject-matter jurisdiction, and its dismissal of these elements of Plaintiff's FDCPA claims with

12   prejudice on this basis is appropriate as well.

13   **E.      PLAINTIFF'S ABUSE OF PROCESS CLAIM FAILS AS A MATTER OF**
             **LAW, EVEN ACCEPTING HER OWN FACTS.**

14

15   "[T]he elements of an abuse of process claim are: (1) an ulterior purpose by the

16   defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal

17   process not proper in the regular conduct of the proceeding."  *LaMantia v. Redisi*, 118 Nev. 27,

18   30, 38 P.3d 877, 879 (2002) (footnote reference omitted) (affirming summary judgment on abuse

19   of process claim); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938)

20   (requiring this Court to look at state substantive law in assessing Plaintiff's state law claims).

21   The Nevada Supreme Court recently solidified its ruling in *LaMantia*, expanding its

22   explanation of the requirements for a viable claim for abuse of process.  *See Land Baron Inv. v.*

23   *Bonnie Springs Family, LP*, 131 Nev. Adv. Op. 69, 356 P.3d 511 (2015).  In *Land Baron*, the

24   court explained that "[t]he utilized process must be judicial, as the tort protects the integrity of

25   the court."  *Id.* at 519 (citations omitted).  Further, the court specifically adopted the majority

26   rule of courts around the country and held that "the tort requires a 'willful act,' and … ***merely***

27   
     ─────────────
     [27] *See id.*

28

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

*filing a complaint and proceeding to properly litigate the case does not meet this requirement*." *Id.* at 520 (citations omitted) (emphasis added).

Indeed, this Court recently granted a motion to dismiss the same claim, with prejudice, on almost identical facts, and involving the same counsel and some of the same parties. *See Whitt v. Richland Holdings, Inc. et al.*, Case No. 2:17–cv–00014–APG–NJK, 2017 WL 4293140, at *4 (D. Nev. Sept. 26, 2017) (considering the plaintiff's allegation "defendants 'commenced and/or prosecuted legal proceedings against Plaintiff for the ulterior purpose of collecting unlawful rates of interest and unlawful fees in violation of the FDCPA'").

In *Whitt*, this Court noted that "[t]he mere filing of a complaint with malicious intent is insufficient to state an abuse of process claim; there must also be some act subsequent to filing that abuses the process." *Id.* (citing *Laxalt v. McClatchy*, 622 F. Supp. 737, 752 (D. Nev. 1985)). This Court further acknowledged that "[t]he Supreme Court of Nevada has found improper willful acts where a defendant commits a *flagrant or extraordinary act that perverts the legal process*." *Id.* (citing *Nev. Credit Rating Bureau v. Williams*, 503 P.2d 9, 12-13 (Nev. 1972)) (emphasis added).

No such act was committed, or even alleged, in this case.  Here, the basis of Plaintiff's abuse of process cause of action is the same purported "commence[ment] and/or prosecut[ion of] legal proceedings against Plaintiff for the ulterior purpose of collecting unlawful fees in violation of the FDCPA," as alleged, verbatim, in *Whitt*.[28]  That conduct, Plaintiff further alleges, was improper "in the regular conduct of the proceedings."[29]

Based on the unambiguous holdings in *LaMantia* and *Land Baron*, and as this very Court has already determined, this conduct, even if true, does not suffice to establish a claim for abuse of process.  First, filing a lawsuit and seeking to recover damages are actions taken to resolve a legal dispute.  Second, all conduct taken in the judicial process constituted regular use of judicial

---

[28] ECF No. 1, at 7, ¶ 47.

[29] *Id.*, at ¶ 48.

Page 21 of 24

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

1  proceedings in "properly litigating the case" – *e.g.,* filing a complaint for damages owed and

2  sought, serving the defendant, etc.  *Land Baron*, 356 P.3d at 520.

3  Therefore, dismissal with prejudice of Plaintiff's abuse of process claim is appropriate.

4  **F.   BECAUSE PLAINTIFFS' CIVIL CONSPIRACY CLAIM RELIES ON
       HER UNSUSTAINABLE FDCPA AND STATE LAW ALLEGATIONS,
5       THE CIVIL CONSPIRACY CLAIM MUST ALSO BE DISMISSED.**

6  "An actionable civil conspiracy consists of a combination of two or more persons who,

7  by some concerted action, intend to accomplish an unlawful objective for the purpose of harming

8  another, and damage results from the act or acts."  *Consol. Generator-Nev., Inc. v. Cummins*

9  *Engine Co., Inc.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (citations and internal

10  quotation marks omitted).  As the Nevada Supreme Court has long held, "it is necessary for the

11  act in furtherance of the conspiracy to constitute an actionable tort."  *Eikelberger v. Tolotti*, 96

12  Nev. 525, 527, 611 P.2d 1086, 1088 (1980).

13  Here, where Plaintiff's non-conspiracy claims are all barred by (1) the applicable statute

14  of limitations, (2) the principles of issue and claim preclusion, and (3) the *Rooker-Feldman*

15  Doctrine, there exists no "actionable tort" upon which Plaintiffs can maintain a conspiracy cause

16  of action.  Even overlooking these fatal flaws, Plaintiff utterly fails to plead anything more than

17  conclusory statements and legal contentions, which cannot survive a motion to dismiss brought

18  under FRCP 12(b)(6).  *See Iqbal*, 556 U.S. at 678; *see also Whitt v. Richland Holdings, Inc. et*

19  *al.*, Case No. 2:17-cv-00014-APG-NJK, ECF No. 25, at 10:12-17 (dismissing civil conspiracy

20  claim because it "contains only conclusory statements and formulaic recitations of the elements

21  of civil conspiracy") (citing *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678).

22  Accordingly, the AcctCorp Parties respectfully request the Court dismiss this claim with

23  prejudice as well.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

V.      **CONCLUSION**

Plaintiff's FDCPA claims are time-barred and, therefore, must be dismissed with prejudice.  In addition, to the extent her FDCPA claims are based upon the so-called "COJ Violation," the "Collection Fee Violation," and the "Interest Fee Violation," they constitute a de facto appeal of the State Court Action, and this Court lacks subject-matter jurisdiction to even consider them, further warranting dismissal with prejudice.  Moreover, Plaintiff's remaining claims are barred by principles of judicial estoppel, claim preclusion, and waiver, so they must be dismissed with prejudice as well.  Because all other claims fail as a matter of law, Plaintiff's civil conspiracy claim is fatally flawed.  If the civil conspiracy claim somehow survives in the absence of an underlying tort, Plaintiff fails to assert anything more than conclusory statements and formulaic recitations of the claim's elements, so it could be dismissed on that basis as well.

For these reasons, the AcctCorp Parties respectfully request that the Court dismiss Plaintiff's entire Complaint [ECF No. 1] with prejudice.

Dated this  29th  day of June, 2018.

MARQUIS AURBACH COFFING

By   /s/ Jared M. Moser
    Terry A. Coffing, Esq.
    Nevada Bar No. 4949
    Chad F. Clement, Esq.
    Nevada Bar No. 12192
    Jared M. Moser, Esq.
    Nevada Bar No. 13003
    10001 Park Run Drive
    Las Vegas, Nevada  89145
    *Attorneys for Richland Holdings, Inc. d/b/a AcctCorp of Southern Nevada and Donna Armenta d/b/a Donna Armenta Law*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing **<u>DEFENDANTS RICHLAND HOLDINGS, INC. D/B/A ACCTCORP OF SOUTHERN NEVADA'S AND DONNA ARMENTA D/B/A DONNA ARMENTA LAW'S MOTION TO DISMISS</u>** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the <u>29th</u> day of June, 2018.

☒      I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| The Law Office of Vernon Nelson | Smith & Shapiro, PLLC |
| Vernon A. Nelson, Jr. Esq. | Michael D. Rawlins, Esq. |
| Melissa Ingleby, Esq. | 3333 E. Serene, Ste. 130 |
| 9480 S. Eastern Ave., Ste. 252 | Henderson, NV 89074 |
| Las Vegas, NV 89123 | Tel: 702-318-5033 |
| Tel: 702-476-2500 | Fax: 702-318-5034 |
| Fax: 702-476-2788 | mrawlins@smithshapiro.com |
| vnelson@nelsonlawfirmlv.com | *Attorneys for R.C. Willey aka RC Willey* |
| mingleby@nelsonlawfirmlv.com | *Financial Services* |
| *Attorneys for Plaintiff* | |

☐      I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

_____
*/s/ Barb Frauenfeld*
an employee of Marquis Aurbach Coffing

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3389481_1 6/29/2018 2:50 PM