**Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Chad F. Clement, Esq.
Nevada Bar No. 12192
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
cclement@maclaw.com
jmoser@maclaw.com
*Attorneys for Richland Holdings, Inc. d/b/a*
*AcctCorp of Southern Nevada and*
*Donna Armenta d/b/a Donna Armenta Law*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| TANA MAGEL, formerly known as TANA BARRE, <br><br> Plaintiff, <br><br> vs. <br><br> RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation; R.C. WILLEY aka RC WILLEY FINANCIAL SERVICES, and DONNA ARMENTA d/b/a DONNA ARMENTA LAW, <br><br> Defendants. | Case No.:      2:18-cv-00753-APG-GWF <br><br> **DEFENDANTS RICHLAND HOLDINGS, INC. D/B/A ACCTCORP OF SOUTHERN NEVADA'S AND DONNA ARMENTA D/B/A DONNA ARMENTA LAW'S MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS** |

Defendants Richland Holdings, Inc. d/b/a AcctCorp of Southern Nevada ("AcctCorp") and Donna Armenta d/b/a Donna Armenta Law ("Armenta") (collectively, the "AcctCorp Parties"), by and through their attorneys of record, the law firm of Marquis Aurbach Coffing, hereby file their Motion to Stay Discovery Pending Decision on Motion to Dismiss ("Motion"). This Motion is based upon the following Points and Authorities, all pleadings and papers on file herein, and any oral argument this Court wishes to entertain on this matter.

/ / /

/ / /

*MARQUIS AURBACH COFFING*
*10001 Park Run Drive*
*Las Vegas, Nevada 89145*
*(702) 382-0711 FAX: (702) 382-5816*

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.      INTRODUCTION

3        The AcctCorp Parties have filed a substantial Motion to Dismiss [ECF No. 18] pursuant

4    to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).   The AcctCorp Parties

5    respectfully request that this Court stay all discovery in this case, and not allow discovery to

6    proceed, while the challenge to Plaintiff Tana Magel's, formerly known as Tana Barre

7    ("Plaintiff"), Complaint [ECF No. 1] is pending. This case satisfies the requirements to justify a

8    stay of discovery because (1) this Court's "preliminary peek" at the Motion to Dismiss will

9    reveal that the expense of discovery far outweighs the minimal likelihood that Plaintiff stands to

10   maintain her claims for relief; and (2) the pending motion is potentially dispositive of the entire

11   case as to the AcctCorp Parties without the need for further discovery.

12       Therefore, a stay is warranted under all considerations, and the AcctCorp Parties

13   respectfully request that this Court grant their instant Motion.

14   ### II.     STATEMENT OF RELEVANT PROCEDURAL HISTORY

15       Plaintiff filed her Complaint [ECF No. 1] on April 24, 2018.   This case is one of seven

16   currently active, all of which involve substantially the same claims, prosecuted by the same

17   plaintiffs' counsel, and involving similar parties.[1]

18       The parties, through their respective counsel entered into a number of stipulations to

19   extend the deadline by which the defendants in this case were required to respond.[2]   Defendant

20   RC Willey aka RC Willey Financial Services filed an Answer [ECF No. 14] on May 31, 2018.

21   The parties' respective counsel participated in their FRCP 26 discovery scheduling conference

22   on June 21, 2018.   The AcctCorp Parties filed a Motion to Dismiss [ECF No. 18] on June 29,

23   2018, which remains pending.

---

[1]  *See, generally, Cox v. Richland Holdings, Inc. et al.*, Case No. 2:16-cv-02914-APG-VCF; *Carter et al.
v. Richland Holdings, Inc. et al.*, Case No. 2:16-cv-02967-RFB-VCF; *Geraldo et al. v. Richland
Holdings, Inc. et al.*, No. 2:17-cv-00015-JCM-PAL; *Whitt v. Richland Holdings, Inc. et al.*, Case No.
2:17-cv-000014-APG-NJK; *LaForge et al. v. Richland Holdings, Inc. et al.*, Case No. 2:17-cv-00782-
APG-VCF; *Cutts v. Richland Holdings, Inc. et al.*, Case No. 2:17-cv-01525-JCM-PAL.

[2] ECF Nos. 11, 13, & 17.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

1    No discovery has occurred yet, and the parties are in the process of preparing and

2    submitting their Joint Discovery Plan and Scheduling Order, which has yet to be filed.

3    **III.   LEGAL ARGUMENT**

4    A stay of discovery pending the Court's decision on the AcctCorp Parties pending

5    Motion to Dismiss [ECF No. 18], is warranted.  Discovery is expensive, and the law recognizes a

6    defendant should not be dragged through that process if the plaintiff's claims lack merit or the

7    Court lacks jurisdiction.  Here, all factors the Court is to consider support a stay.  The Court's

8    "preliminary peek" at the Motion to Dismiss will reveal that Plaintiff's Fair Debt Collection

9    Practices Act ("FDCPA") claims are time-barred, all of her claims are barred by judicial

10   estoppel, waiver, and claim preclusion, and, to the extent Plaintiff challenges amounts awarded

11   in the State Court Action, the Court lacks subject-matter jurisdiction to consider them.  In

12   addition, the Complaint fails to even allege sufficient facts to support the claims Plaintiff asserts.

13   The Court will further see, the Motion to Dismiss is wholly dispositive as to the claims

14   against the AcctCorp Parties and can be decided on purely legal principles, accepting, and as

15   applied to, the allegations in the Complaint.  Therefore, a stay of discovery is warranted.

16   **A.     THE LAW SUPPORTS A STAY OF DISCOVERY WHILE A WHOLLY-**
**DISPOSITIVE MOTION IS PENDING.**
17

18   "A district court may limit discovery for good cause, and may continue to stay discovery

19   when it is convinced that the plaintiff will be unable to state a claim for relief."  *Wood v.*

20   *McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citations and internal quotation marks omitted).

21   Under FRCP 26(c), this Court "may limit the scope of disclosures or discovery on certain matters

22   and prevent certain matters from being inquired into upon a showing of good cause or where

23   justice requires to protect a party or person from annoyance, embarrassment, oppression, or

24   undue burden or expense."  *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D.

25   500, 503 (D. Nev. 2013).  The district court, therefore, "has wide discretion in controlling

26   discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion."

27   *Id.* (citing *Little v. City of Seattle*, 863 F.2d. 681, 685 (9th Cir. 1988)); *see also Panola Land*

28

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

1    *Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558 (11th Cir. 1985) ("[A] magistrate has broad

2    discretion to stay discovery until the district court rules on a pending dispositive motion.").

3          In practice, "[s]taying discovery when a court is convinced that the plaintiff will be

4    unable to state a claim for relief furthers the goal of efficiency for the court and the litigants." *Id.*

5    (citing *Little*, 863 F.2d. at 685); *see also United States v. Century Clinic, Inc.*, 75 F. Supp. 2d

6    1127, 1134 (D. Nev. 1998) (noting that "convincing" equates to "highly probable"). Therefore,

7    "[i]n evaluating the propriety of an order staying or limiting discovery while a dispositive motion

8    is pending, this court considers the goal of [FRCP 1] which directs that the Rules shall 'be

9    construed and administered to secure the just, speedy, and inexpensive determination of every

10   action'" because "[d]iscovery is expensive." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602

11   (D. Nev. 2011) (quoting FRCP 1).

12         Thus, with FRCP 1 "as its prime directive, this court must decide whether it is more just

13   to speed the parties along in discovery and other proceedings while a dispositive motion is

14   pending, or whether it is more just to delay or limit discovery and other proceedings to

15   accomplish the inexpensive determination of the case." *Id.* at 603. "With these principles in

16   mind," this Court must "take a 'preliminary peek' at [the AcctCorp Parties'] pending motion to

17   dismiss" to determine whether it is dispositive of all claims such that it "will be granted and

18   entirely eliminate the need for such discovery." *Id.*; *Chavous v. Dist. of Columbia Fin.*

19   *Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (citation omitted).

20         This Court has "embrace[d] the well-reasoned approach and analysis of this discovery

21   issue undertaken by Judge Leen in *TradeBay*" in analyzing motions to stay discovery pending

22   decision on a motion to dismiss. *Money v. Banner Health*, No. 3:11–cv–00800–LRH–WGC,

23   2012 WL 1190858, at *6 (D. Nev. Apr. 9, 2012) (footnote reference omitted). In applying

24   Magistrate Judge Leen's analysis and taking a "preliminary peek" at the AcctCorp Parties'

25   Motion to Dismiss [ECF No. 18], this Court can easily conclude that a stay of discovery is

26   warranted in this case.

27   / / /

28   / / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1. **The Arguments Set Forth in the AcctCorp Parties' Motion to Dismiss, Which Are Consistent With Numerous Recent Decisions from Judges in this District, Justify a Stay of Discovery.**

Plaintiff's case is fatally flawed for five key reasons: (1) before even getting to the substance of her allegations, Plaintiff's FDCPA claims are barred by the applicable statute of limitations; (2) again, before even reaching the substance, Plaintiff's claims are barred by judicial estoppel and waiver, based on her knowing and voluntary execution of the COJ at issue in the State Court Action[3]; (3) Plaintiff's claims are prohibited by the principle of claim preclusion because she failed to raise them as compulsory counterclaims in the State Court Action; (4) to the extent Plaintiff asserts challenges to amounts adjudicated in the State Court Action, the Court lacks subject-matter jurisdiction to consider them, under the *Rooker-Feldman* doctrine; and (5), even if the Complaint [ECF No. 1] survives these threshold legal bars, it fails to allege sufficient facts to support the claims Plaintiff asserts.

a. **Plaintiff's FDCPA claims are time-barred.**

Claims brought under the FDCPA are subject to a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). Although the "discovery rule" applies to FDCPA claims, that principle does not rescue Plaintiff's untimely FDCPA claims in this case. *See Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009); *see also Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1171 (9th Cir. 2016) (explaining "that the discovery rule applies equally regardless of the nature of the FDCPA violation alleged by a plaintiff").

*Lyons* held the statute of limitations on the plaintiff's FDCPA claims begins to run when she knew or should have known about the collection case, *i.e.,* when she was served. *See id.* at 1170 (citing *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 n.5 (9th Cir. 2014) ("The district court appropriately concluded that the first time that Tourgeman reasonably could have become aware of the allegedly false and misleading representations in Defendants' letters was when his father was served with summons and complaint in the state court lawsuit … ")

---

[3] As in the Motion to Dismiss [ECF No. 18], the "State Court Action" refers to the case styled *Richland Holdings, Inc. v. Barre*, Case No. 17C006175, in the Justice Court of the Las Vegas Township, upon which Plaintiff's instant lawsuit is based.

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    (alteration and internal quotation marks omitted)); *see also Bibeau v. Pac. Nw. Research Found.*

2    *Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) ("The plaintiff must be diligent in discovering the

3    critical facts.") (citation omitted), *amended on denial of reh'g*, 208 F.3d 831 (9th Cir. 2000).

4        Here, Plaintiff was served in the State Court Action on April 4, 2017, but she did not

5    commence this lawsuit until April 24, 2018, nearly three weeks after the statute of limitations

6    expired.[4]  Although Plaintiff will likely argue she did not "discover" her claims until she met

7    with a credit repair agency and hired an attorney much later, Judge Gordon has already rejected

8    these arguments in other, nearly identical cases. *See Whitt v. Richland Holdings, Inc. et al.*, Case

9    No. 2:17-cv-00014-APG-NJK, ECF No. 62, at 11:17-19 (concluding that the plaintiff "had all he

10    needed to reasonably discover his claims when the state-court action was commenced and he was

11    personally served with a complaint containing the request for damages far exceeding the

12    principal balance," and that the plaintiff's "failure to investigate" any inconsistency between

13    what he knew he owed and what the complaint in the State Court Action said he owed "does not

14    allow him to revive otherwise time-barred claims once he chose to retain counsel"); *see also,*

15    *generally, LaForge et al. v. Richland Holdings, Inc. et al.*, Case No. 2:17-cv-00782-APG-VCF,

16    ECF Nos. 57 & 70 (rejecting arguments that the continuing violations doctrine or discovery rule

17    rescued the plaintiffs' time-barred FDCPA claims and dismissing the claims based on the

18    expired statute of limitations).

19        Judge Gordon will reach the exact same conclusion in this case.  Therefore, Plaintiff's

20    FDCPA claim is likely to be dismissed on statute of limitations grounds, and, for that reason, a

21    stay is warranted to avoid the AcctCorp Parties being forced to incur the significant expense of

22    discovery on that claim.

23            **b.**    **Plaintiff's claims are barred by judicial estoppel and waiver.**

24        When she signed the COJ in the State Court Action, Plaintiff acknowledged she was

25    waiving "all defenses (i.e. reasons why affiant is not liable for this debt) [which] may not be

26    asserted; and … by [signing] affiant(s) acknowledge(s) that the debt is legitimately owed [and]

27    _____

28    [4] ECF No. 18-1 & 18-2.

1    that affiant signed the within instrument of his/her own free will … ”[5]   Therefore, her instant

2    claims to the contrary are barred by judicial estoppel and waiver and will likely be dismissed.

**(1)   Plaintiff will be judicially estopped from maintaining this action.**

5    "Judicial estoppel is an equitable doctrine that precludes a party from gaining an

6    advantage by asserting one position, and then later seeking an advantage by taking a clearly

7    inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir.

8    2001) (citations omitted).  The Court must consider three factors in determining whether to apply

9    judicial estoppel, although all need not be established: (1) whether Plaintiff's later position is

10   "clearly inconsistent with [her] earlier position"; (2) whether she "succeeded in persuading a

11   court to accept [her] earlier position, so that judicial acceptance of an inconsistent position in a

12   later proceeding would create the perception that either the first or the second court was misled";

13   and (3) whether Plaintiff would derive an unfair advantage or impose an unfair detriment on the

14   opposing party if not estopped." *Id.* at 782-83 (citations and internal quotation marks omitted).

15       Judicial estoppel is not limited to barring "the assertion of inconsistent positions in the

16   same litigation, but is also appropriate to bar litigants from making incompatible statements in

17   two different cases." *Id.* at 783.  Because all factors are satisfied here, Plaintiff will likely be

18   judicially estopped from maintaining her case, and the AcctCorp Parties should not be forced to

19   go through discovery before that decision is made.

**(2)   Plaintiff waived the causes of action she now brings.**

21       "Under the generally accepted definition, a waiver is 'the voluntary relinquishment —

22   express or implied — of a legal right or advantage." *Clark v. Capital Credit & Collection Serv.,*

23   *Inc.*, 460 F.3d 1162, 1170 (citing BLACK'S LAW DICTIONARY 1574 (7th ed. 2004); *United States*

24   *v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770 (1993); *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.

25   Ct. 1019 (1938)) (alteration omitted).  The *Clark* court explained, "[w]hat constitutes a waiver

26   depends, in the first instance, on the nature of the right at issue." *Id.* (citation omitted).

27

28   _____

[5] ECF No. 18-3.

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Waivers are enforced when they are knowing and intelligent, "which means the individual has 'sufficient awareness of the relevant circumstances and likely consequences' of his decision." *Id.* at 1170-71 (citations omitted).  With respect to a consumer's rights under the FDCPA, the Ninth Circuit has recognized that "[a] knowing and voluntary waiver of a statutory right," among others, even if unknown, "is enforceable." *United States v. Navarro-Botello*, 912 F.2d 318, 319, 321 (9th Cir. 1990).

The COJ includes language whereby Plaintiff acknowledged her understanding of the consequences of her actions in signing, conceded she was signing voluntarily and of her own free will, and explicitly recognized the benefits she reaped in swearing, under oath, to the terms of and facts supporting the COJ.[6]  Specifically, Plaintiff waived any defenses to the validity of the underlying debt, such as those she now asserts as offensive claims – allegedly unlawful terms, like excessive collection fees and "unlawful rates of interest," inability to collect, and the like.[7]

Therefore, to the extent her claims against the AcctCorp Parties relate to the amounts owed in the State Court Action – her first, second, and fourth claims for relief – those claims have been waived and will likely be dismissed with prejudice.  As such, a stay is warranted in order to spare the AcctCorp Parties of the time and expense of discovery.

        **c.**      **Plaintiff's claims are prohibited by the principle of claim preclusion.**

Under governing Nevada law, Plaintiff's claims would have been compulsory counterclaims in the State Court Action.  Because they were not timely asserted in that case, they are now barred by the doctrine of claim preclusion.

"Federal courts must apply Nevada law concerning claim preclusion to a prior Nevada state court judgment … under the Constitution's Full Faith and Credit Clause and under 28 U.S.C. § 1738." *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (citation omitted); *see also Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987) ("The

---

[6] *See, generally,* ECF No. 18-3.

[7] *Compare id., with* ECF No. 1.

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   question whether [Plaintiff's] claims are compulsory counterclaims which should have been

2   pleaded in the earlier [AcctCorp] state court action is a question of state law.") (citations

3   omitted).   Nevada case law and Nevada Rule of Civil Procedure 13 require compulsory

4   counterclaims to be asserted if they are logically related to the underlying claims. *See* NRCP

5   13(a) (requiring assertion of "any claim … if it arises out of the transaction or occurrence that is

6   the subject matter of the opposing party's claim and does not require for its adjudication the

7   presence of third parties of whom the court cannot acquire jurisdiction"); *see also Mendenhall v.*

8   *Tassinari*, 403 P.3d 364, 370-71 (Nev. 2017) (accepting that "in the most common test, courts

9   have held that the requirement of 'same transaction or occurrence' is met when there is a 'logical

10   relationship' between the counterclaim and the main claim").

11       Indeed, multiple rulings from Judges Mahan and Gordon have been rendered recently in

12   this District on this issue, and on nearly identical facts, involving the same defendants, and

13   involving the same plaintiffs' counsel. *See, e.g., Cutts v. Richland Holdings, Inc. et al.*, Case No.

14   Case No. 2:17–CV–1525 JCM (PAL), 2018 WL 1073135 (D. Nev. Feb. 27, 2018) (dismissing

15   nearly identical FDCPA and state law claims on claim preclusion grounds); *see also Geraldo et*

16   *al. v. Richland Holdings, Inc. et al.*, Case No. 2:17–CV–15 JCM (PAL), 2017 WL 3174918 (D.

17   Nev. July 26, 2017), *aff'd*, 716 F. App'x 728 (9th Cir. Mar. 29, 2018). Although some decisions

18   have disagreed with this analysis, the Ninth Circuit has explicitly rejected the idea that a

19   counterclaim for abuse of process is merely permissive. *Compare LaForge et al. v. Richland*

20   *Holdings, Inc. et al.*, Case No. 2:17-cv-00782-APG-VCF, ECF No. 57, at 10-11 (finding abuse

21   of process was not a compulsory counterclaim), *with Pochiro*, 827 F.2d at 1252 (analyzing abuse

22   of process as a compulsory counterclaim, rejecting state courts' contrary holdings, and

23   concluding " … that the liberal reading of the 'transaction or occurrence' standard is more in

24   keeping with the pronouncements of the Supreme Court, ***we now reject the line of cases that has***

25   ***refused to find an abuse of process claim a compulsory counterclaim***.") (emphasis added).

26       Based on the foregoing, Plaintiff's claims are barred by the principle of claim preclusion,

27   so a stay is warranted to avoid the unnecessary expense of discovery to the AcctCorp Parties.

28   / / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1
2

       **d.**      **To the extent Plaintiff challenges amounts awarded in the State Court Action, the Court lacks subject-matter jurisdiction.**

3
4
5
6
7
8
9
10
11
12

"If a plaintiff brings a de facto appeal from a state court judgment, *Rooker–Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *see also Salman v. Rose*, 104 F. Supp. 2d 1255, 1258 (D. Nev. 2000) (recognizing that "the *Rooker–Feldman* doctrine dictates that federal courts lack subject matter jurisdiction, even if a State court judgment was erroneous or unconstitutional") (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir. 1999)). In *Bell v. City of Boise*, 709 F.3d 890 (9th Cir. 2013), the Ninth Circuit explained that "[t]he *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Id.* at 897 (citation omitted).

13
14
15
16
17
18
19
20
21
22
23

In applying the *Rooker-Feldman* doctrine, courts have explained that "if adjudication of the federal claims would undercut a state ruling, the federal claim must be dismissed for lack of subject matter jurisdiction." *San Francisco Bay Area Rapid Transit Dist. v. Gen. Reinsurance Corp.*, 111 F. Supp. 3d 1055, 1066 (N.D. Cal. 2015) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). Even if Plaintiff has attempted to disclaim any explicit challenge to the underlying judgment from the State Court Action, she is practically or implicitly doing just that, which is forbidden. *See Riding v. CACH LLC*, 992 F. Supp. 2d 987, 994 (C.D. Cal. 2014) (barring certain FDCPA claims under the *Rooker-Feldman* doctrine because a favorable ruling in federal court would undermine the state court judgment); *see also Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1239-40 (W.D. Cal. 2012) (same); *Fleming v. Gordon & Wong Law Grp., P.C.*, 723 F. Supp. 2d 1219 (N.D. Cal. 2010) (same).

24
25
26
27

The Court lacks subject-matter jurisdiction to consider Plaintiff's claims to the extent a ruling in her favor would undermine the state court's decision. Thus, dismissal is likely and a stay warranted because the AcctCorp Parties should not be required to incur unnecessary time and expense in the discovery process.

28

/ / /

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

1

                     **e.**      **Plaintiff's claims are terminally deficient as pleaded.**

2         As this Court is aware, although "detailed factual allegations" are not required, a

3 complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me

4 accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Indeed, "[a] pleading that offers

5 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

6 do.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

7 "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

8 enhancement.'" *Id.* (citation and alteration omitted).   Mere "conclusory allegations of law and

9 unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."

10 *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).   Addressing the post-*Iqbal*

11 pleading standards, the Ninth Circuit requires that "the factual allegations that are taken as true

12 must plausibly suggest an entitlement to relief, *such that it is not unfair to require the opposing*

13 *party to be subjected to the expense of discovery and continued litigation.*"   *Starr v. Baca*, 652

14 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added).

15         A brief review of Plaintiff's Complaint will demonstrate to this Court that she utterly fails

16 to assert anything more than "a formulaic recitation of the elements," "labels and conclusions,"

17 and "naked assertions," without "further factual enhancement."   *See Iqbal*, 556 U.S. at 678;

18 *Twombly* 550 U.S. at 555.   Therefore, it would be unfair to require the AcctCorp Parties to be

19 subjected to the expense of discovery and continued litigation in light of Plaintiff's grossly

20 deficient and fatally flawed pleadings, so a stay is, therefore, warranted.

21              **2.**     **The Pending Motion to Dismiss is Dispositive of the Entire Case as to**

22                       **the AcctCorp Parties.**

23         In weighing the objectives of FRCP 1 in order to determine whether a stay is appropriate,

24 the Court considers whether the pending motion is potentially dispositive of the entire case.  *See*

25 *Solida*, 288 F.R.D. at 506.   Here, the AcctCorp Parties' Motion to Dismiss will dispose of the

26 entire case as to them, that is, each and every claim involving the AcctCorp Parties will be

27 dismissed before discovery even begins.   As demonstrated above, the Motion to Dismiss

28 provides a strong justification why Plaintiff's claims fail as a matter of law.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

1   Consequently, because the Motion to Dismiss will dispose of the entire case as to the

2   AcctCorp Parties, this factor weighs in favor of staying discovery until the Court rules on the

3   Motion to Dismiss.

4   **3.   The Motion to Dismiss Can Be Decided Without Discovery.**

5   The Court may consider whether the pending Motion to Dismiss can be decided without

6   additional discovery.  *See Solida*, 288 F.R.D. at 506.  The AcctCorp Parties' Motion to Dismiss

7   can and should be decided without additional discovery because the Motion to Dismiss for

8   failure to state a claim attacks the sufficiency of Plaintiff's claims, and does not rely on facts that

9   could be the subject of discovery.  The issues presented to the Court in the AcctCorp Parties'

10  Motion to Dismiss are largely legal issues based on the allegations set forth in the Complaint and

11  underlying pleadings from the State Court Action.  *See id.* at 504 (citing *Hachette Distrib. v.*

12  *Hudson Cnty. News Co.*, 136 F.R.D. 356, 356 (E.D.N.Y. 1991) (concluding discovery should be

13  stayed "when there are no factual issues in need of further immediate exploration, and the issues

14  before the Court are purely questions of law that are potentially dispositive")).

15  No discovery is needed in this case in order to analyze the facts as set forth in the

16  Complaint in regards to applicable law.  As a result, this factor also weighs in favor of staying

17  discovery until the Court rules on the Motion to Dismiss.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 12 of 14

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

IV.     **CONCLUSION**

For the foregoing reasons, the AcctCorp Parties respectfully request that this Court enter a stay of discovery in this case until such time that Judge Gordon enters a decision on their Motion to Dismiss [ECF No. 18].

Dated this 5th day of July, 2018.

MARQUIS AURBACH COFFING


By    */s/Jared M. Moser*
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Chad F. Clement, Esq.
Nevada Bar No. 12192
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Richland Holdings, Inc. d/b/a AcctCorp of Southern Nevada and Donna Armenta d/b/a Donna Armenta Law*

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS RICHLAND HOLDINGS, INC. D/B/A ACCTCORP OF SOUTHERN NEVADA'S AND DONNA ARMENTA D/B/A DONNA ARMENTA LAW'S MOTION TO DISMISS** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 5th day of July, 2018.

☒      I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

The Law Office of Vernon Nelson
Vernon A. Nelson, Jr. Esq.
Melissa Ingleby, Esq.
9480 S. Eastern Ave., Ste. 252
Las Vegas, NV 89123
Tel:  702-476-2500
Fax:  702-476-2788
vnelson@nelsonlawfirmlv.com
mingleby@nelsonlawfirmlv.com
*Attorneys for Plaintiff*

Smith & Shapiro, PLLC
Michael D. Rawlins, Esq.
3333 E. Serene, Ste. 130
Henderson, NV  89074
Tel:  702-318-5033
Fax:  702-318-5034
mrawlins@smithshapiro.com
*Attorneys for R.C. Willey aka RC Willey Financial Services*

☐      I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

_____
an employee of Marquis Aurbach Coffing

MAC:14665-009 3441044_1 7/5/2018 4:01 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816